# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:16-CV-01735-ELR |
| BRANDON GRIFFITH, et al., | * * | |
| Defendants. | * * * | |

# ORDER

Now before the Court are several motions raised by Plaintiff United States Liability Insurance Company. The Court's rulings are as set forth below.

## I. BACKGROUND

Plaintiff issued a Businessowners Liability Coverage insurance policy to Defendant Afrin, Inc. ("the Policy"), effective from November 30, 2010 through November 30, 2011.[1] With this federal action, Plaintiff seeks a declaration that it does not owe coverage, or a duty to defend or indemnify Defendants Afrin, Inc., Afroz Painter, Amin-Ebrahim Shirin, and Majors Management, LLC, in a

---

[1] Defendant Majors Management, LLC was added to the Policy as an additional insured.

negligence action brought by Defendant Brandon Griffith in the State Court of DeKalb County Georgia ("the negligence action").

### A.  Griffith's Lawsuit

Griffith's negligence action arises following a shooting at a convenience store ("the Premises"), the facts of which are largely undisputed. On March 31, 2011, Griffith went inside the Premises to purchase chips and beer. After completing his purchases, Griffith started to leave the Premises, when a man walked in and asked him "Where the money at?" (Doc. No. 42-6 at 75:9–11.) The man told Griffith to "run your pockets," but Griffith told him "I don't have anything for you." (Id. at 75:24–25.) The man then pulled out a 22-caliber silver revolver, put it to Griffith's chest, and shot him once. Griffith survived the gunshot and subsequent surgery to remove the bullet.

On March 15, 2013, Griffith filed suit against a number of individuals allegedly involved in the ownership and/or management of the Premises. Specifically, Griffith named (1) general partners and/or owners of the Premises (Rosalie Hirschberg, Walter Hirschberg, and Jack Baranobitz); (2) Russell Convenience Stores, Inc. and its employees and/or agents (Russell Clegg and Jeff Russell); (3) Northside Center, Inc. and its employees and/or agents (Marvin Hewatt); (4) Majors Management, LLC and its employees and/or agents (Steve Colvard); (5) Afrin, Inc. and its employees and/or agents (Afroz Painter and Amin-

Ebrahim Shirin); and (6) Baa Sanyang, an officer, employee, and/or agent of the lessee of the Premises. Each of the named Defendants in the negligence action was initially named as a Defendant in the present federal action.

Griffith subsequently dismissed that lawsuit without prejudice. On or about October 15, 2015, Griffith re-filed his complaint against the same Defendants, asserting that while an invitee on the Premises, he was the victim of aggravated assault and armed robbery and was shot in the chest with a deadly weapon. On March 15, 2016, Griffith filed an amended complaint, wherein he removed any reference to being shot. In the negligence action, Griffith seeks compensatory, special, economic, consequential, general, and punitive damages.

Plaintiff is currently providing a defense to Defendants Shirin, Painter, Afrin, Inc., and Sanyang (collectively, "the Afrin Defendants") under a reservation of rights in the negligence action.

**B.     Procedural History of the Federal Action**

Plaintiff filed this federal declaratory judgment action on May 27, 2016. The Afrin Defendants answered on August 19, 2016. On February 14, 2017, Plaintiff moved for summary judgment against all Defendants. (Doc. No. 42.) The Afrin Defendants responded and Plaintiff replied. Accordingly, Plaintiff's Motion for Summary Judgment is now ripe for the Court's consideration.

A number of Defendants, however, have failed to appear in this case. The Clerk entered default against these remaining Defendants, collectively referred to as "the Defaulting Defendants": Brandon Griffith, Rosalie Hirshberg, Walter Hirschberg, Jeff Russell, Majors Management, LLC, Steve Colvard, and Northside Center, Inc.[2] In relation to the Defaulting Defendants, there are two pending motions for default judgment. However, because the Court grants Plaintiff's Motion for Summary Judgment, the Motions for Default Judgment are moot.

## II.   SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In this context, "materiality" is determined by the applicable substantive law; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Further, the Court must view the facts in the light most favorable to the party opposing the motion and must draw all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

---

[2] Claims against Defendants Russell Clegg, Marvin Hewatt, and Jack Baranobitz were previously dismissed without prejudice.

The party requesting summary judgment bears the initial burden of showing the Court, by reference to the record, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the non-movant has the burden of proof at trial, as is the case here, the movant can support its motion by either: 1) showing the nonmoving party has no evidence to support an essential element of its case; or 2) presenting "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." See Young v. City of Augusta, 59 F.3d 1160, 1170 (11th Cir. 1995) (citing Hammer v. Slater, 20 F.3d 1137, 1141 (11th Cir. 1970) (quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991))). Notably, "it is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). However, if the Court determines the movant has carried its initial burden, the non-movant must then "go beyond the pleadings" and demonstrate that there is indeed a genuine issue of material fact for trial. Celotex, 477 U.S. at 324.

### III.  DISCUSSION

"Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as those terms are not contrary to law, and it is equally free to insure against certain risks while excluding others." Tripp v. Allstate Ins. Co., 584 S.E.2d 692, 694 (Ga. Ct. App. 2003).

> An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. Construction of the contract, at the outset, is a question of law for the court. Courts in Georgia undertake a three-step process to interpreting a contract. The first step is to determine if the instrument's language is clear and unambiguous... [if it is], the court simply enforces the contract according to its terms... If there is any ambiguity, then the court moves on to the second step and applies the rules of contract construction to resolve it. And if any ambiguity still remains, only then does the interpretation of the language get submitted to a jury.

First Am. Title Ins. Co. v. Silbiger, No. 1:15-CV-546-TWT, 2016 WL 5394112, at *2 (N.D. Ga. Sept. 27, 2016) (internal quotations and citations omitted).

Plaintiff contends that the Policy's Firearms and Punitive Damages Exclusions preclude coverage for Griffith's claims in the negligence action. Additionally, Plaintiff argues that the Afrin Defendants' counterclaim for attorneys' fees is without merit.

**A.   Firearms Exclusion**

The Firearms Exclusion in the Policy provides: "This policy does not insure against loss or expense, including but not limited to the cost of defense, as a result of 'bodily injury', 'property damage', 'personal and advertising injury' or medical expenses arising out of firearms." (Doc. No. 42, Ex. E at 83.) The Afrin Defendants contend that the Firearms Exclusion is only applicable to claims arising out of firearms used, operated, or maintained *by the insureds*.[3] In the alternative,

---

[3] There is no suggestion that the shooter would be considered an "insured" under the terms of the Policy.

the Afrin Defendants argue that the Firearms Exclusion is ambiguous because it does not indicate the theories of liability covered and/or precluded or to whose actions the exclusion applies.

At the outset, the Court disagrees with the Afrin Defendants that the Firearms Exclusion applies only to conduct of the insureds. "As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured." Tripp, 584 S.E.2d at 694 (quoting Grain Dealers Mut. Ins. Co. v. Pat's Rentals, 505 S.E.2d 729, (Ga. 1998)). Here, the interpretation suggested by the Afrin Defendants would require the Court to ignore the plain language of the Policy and include a limitation not otherwise present on its face. "This Court, however, is without the authority to interpret, rewrite, or change the terms of an unambiguous insurance policy." Allstate Fire & Cas. Ins. Co. v. Rothman, 774 S.E.2d 735, 738 n.3 (Ga. Ct. App. 2015) (internal quotation and alteration omitted).

Accordingly, the Court focuses on whether the Firearms Exclusion is ambiguous. "A contract is ambiguous where the language leaves the intent of the parties 'uncertain, unclear, or [ ] open to various interpretations.'" Gen. Motors LLC v. Canton Motor Sales, Inc., Nos. 1:12-cv-01995-JEC, 1:12-cv-02201-JEC, 2014 WL 901430, at *8 (N.D. Ga. Mar. 7, 2014) (quoting Gen. Steel, Inc. v. Delta

Bldg. Sys., Inc., 297 Ga. App. 136, 138 (Ga. Ct. App. 2009)) (alteration in original). "A contract is unambiguous where there is only one reasonable interpretation when affording the contract's words their plain and ordinary meaning." Id. To that end, the Court must "not strain to extend coverage where none was contracted or intended." First Specialty Ins. Corp. v. Flowers, 644 S.E.2d 453, 455 (Ga. Ct. App. 2007) (quoting Pilz v. Monticello Ins. Co., 599 S.E.2d 220, 222 (Ga. Ct. App. 2004)).

The Court finds no ambiguity in the Firearms Exclusion. Georgia courts have held that the phrases "arising out of" or "arising from" refer broadly to "almost any causal connection or relationship." Interface Grp.-Nv., Inc. v. Freeman Decorating Co., 473 S.E.2d 573, 575 (Ga. Ct. App. 1996). "'Arising from'" does not mean the same thing as 'proximately caused by.'" Id. Accordingly, the Court finds that the Firearms Exclusion plainly precludes coverage for any claim that has any causal connection to firearms, irrespective of the theory of liability or who used the firearm.

Upon review of the undisputed facts in this case, Griffith's claims in the negligence action are causally related to the convenience store shooting. Although Griffith's Amended Complaint does not specifically reference a shooting or firearm, it refers to the aggravated assault and armed robbery he endured on March 31, 2011. Further, Griffith's undisputed testimony indicates that he suffered a

single gunshot wound on that day. For that reason, the Court finds that the Firearms Exclusion applies and there is no coverage for Griffith's claims under the Policy.

**B.    Remaining Claims**

Because the Court finds that the Firearms Exclusion applies and precludes coverage for Griffith's claims, the Court need not address whether the Punitive Damages Exclusion applies[4] or if Defendants Painter and Shirin meet the definition of an "insured."

Further, because the Court finds that Plaintiff owes no coverage under the Policy, Plaintiff does not owe a duty to defend. See Ga. Interlocal Risk Mgmt. Agency v. City of Sandy Springs, 788 S.E.2d 74, 77 (Ga. Ct. App. 2016) ("If there is no coverage, [plaintiff] does not have a duty to defend."); Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997).

Finally, Plaintiff moves for summary judgment on the Afrin Defendants' counterclaim for attorneys' fees. The Court grants Plaintiff's motion for two reasons. First, the Afrin Defendants failed to respond to Plaintiff's motion in this respect, and therefore it is deemed abandoned. See LR 7.1, NDGa. Second, because the Court finds that Plaintiff owes no coverage for the underlying

---

[4] The Court does note, however, that the Afrin Defendants, and all others by nature of their default, failed to respond to Plaintiff's argument regarding the Punitive Damages Exclusion. Accordingly, Plaintiff's motion would be due to be granted on that basis.

9

litigation, the Court similarly finds that Plaintiff is not responsible for the Afrin Defendants' attorneys' fees.

### IV.   CONCLUSION

For the reasons stated herein, the Court **DENIES AS MOOT** Plaintiff's Motion for Default Judgment as to Brandon Griffith (Doc. No. 38); **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. No. 42); and **DENIES AS MOOT** Plaintiff's Motion for Partial Default Judgment (Doc. No. 46).

The Court **DIRECTS** the Clerk to enter judgment in favor of Plaintiff **DECLARING** that there is no coverage under Plaintiff's Policy, or a duty to defend or indemnify Defendant Afrin, Inc. or its principals and employees, for the claims brought by Defendant Griffith in the State Court of DeKalb County.

**SO ORDERED**, this 9th day of May, 2017.

*/s/ Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia